**UNITED STATES of America**
v.
**Louis G. KOVACS, Defendant.**
**Crim. No. 44328.**

United States District Court
E. D. New York.
April 3, 1957.

William P. Shea, New York City, for defendant, for the motion.

Leonard P. Moore, U. S. Atty., by Marie L. McCann, Asst. U. S. Atty., Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

The defendant has moved for an order dismissing the indictment herein for failure of prosecution, claiming that he has been denied his right to a speedy trial, guaranteed under the 6th Amendment of the Constitution of the United States. The right to grant such relief, always an inherent power of the court, is now provided by Rule 48(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which reads as follows:—"If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, *or if there is unnecessary delay in bringing a defendant to trial,* the court may dismiss the indictment, information or complaint." (Emphasis added.)

The pertinent important facts follow:—The defendant was arrested in January, 1956. On February 8, 1956 an indictment was returned charging him with violating Section 1001 of Title 18, U. S. Code, in that he made a false and fraudulent statement to a Special Agent of the Federal Bureau of Investigation in a matter within its jurisdiction. On February 14, 1956 the defendant was arraigned, entered a plea of "not guilty", and the case was adjourned for trial to February 23, 1956. Since then the defendant, through his counsel, has made frequent efforts to have a date fixed for the trial, but to no avail.

Although some fourteen months have elapsed since the return of the indictment, the position of the Government, to quote from a paragraph of its affidavit in opposition, is that the case "has not yet been reached in the normal course of business of this court, and when it is so reached, the Government will proceed to trial," this, though a great many trials of subsequent indictments, involving defendants who were at liberty under bail, have already been held.

Except as next hereinafter stated, the reasons offered by the Government for the delay in bringing the case to trial are unconvincing. It is a fact, though, that the Assistant United States Attorney who had charge of the prosecution recently resigned. The case was then assigned to another Assistant, who has not yet had an adequate opportunity to prepare the case for trial. Accordingly, I am inclined to provide sufficient time therefor, despite the fact that I believe there has been an unreasonable delay in bringing the case to trial.

It appears from the indictment that the issues are clear and simple. The trial should be held as soon as the Government can with due diligence prepare therefor. Two months should be ample for the preparation of the case. Any further delay might be prejudicial to the defendant's rights.

Accordingly, the motion is granted, with the proviso that the order thereon will be signed on June 17, 1957, only in the event, of course, that the trial of the case shall not have commenced by that date.